≜AO 245B   (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | NEW YORK |

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| Ramel Williams a/k/a Ski | |

Case Number: 08 CR 00707

USM Number: 85032-054

Lawrence J. Sheehan, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X  pleaded guilty to count(s)   1, 3, 4, 5 and 6

☐ pleaded nolo contendere to count(s) ___
    which was accepted by the court.

☐ was found guilty on count(s) ___
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
| 21 USC 841(a)(1), 841(b)(1)(A) | Conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin | 2/2009 | 1 |
| 21 USC 841(a)(1), 841(b)(1)(C) | Distribution and possession with intent to distribute a detectable amount of heroin | 6/27/2008 | 3 |

   The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ___

X  Count(s)   open and underlying   ☐ is   X are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 18, 2010
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Hon. Kenneth M. Karas, U.S.D.J.
Name and Title of Judge

5/6/10
Date

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1A

Judgment—Page __2__ of __7__

DEFENDANT: Ramel Williams a/k/a Ski
CASE NUMBER: 08 CR 00707

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 841(a)(1), 841(b)(1)(C) | Distribution and possession with intent to distribute a detectable amount of MDMA (ecstacy) | 6/27/2008 | 4 |
| 18 USC 922(g)(1) | Possession of a firearm and ammunition by a convicted felon | 6/27/2008 | 5 |
| 18 USC 924(C) | Possessing a firearm in furtherance of a drug trafficking crime | 6/27/2008 | 6 |

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page  3  of  7

DEFENDANT:       Ramel Williams a/k/a Ski
CASE NUMBER:     08 CR 00707

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

360 months, concurrent on all counts.  This means 240 months as to counts 3 and 4.  Defendant is advised of his right to appeal.

☐ The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: Ramel Williams a/k/a Ski
CASE NUMBER: 08 CR 00707

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 years on Counts 1 and 6 to run concurrent with 3 years of supervised release on Counts 3, 4 and 5.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page __5__ of __7__

DEFENDANT:       Ramel Williams a/k/a Ski
CASE NUMBER:     08 CR 00707

## ADDITIONAL SUPERVISED RELEASE TERMS

**It is recommended that the Defendant is to be supervised by the district of residence.**

**The Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the Probation Officer has reasonable belief that contraband or evidence of a violation of the conditions of the defendant's release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.**

**The Defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. The Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the Probation Officer, based on ability to pay or availability of the third-party payment.**

**The Defendant shall participate in an alcohol aftercare treatment program under a copayment plan, which may include testing via breathalyzer at the direction and discretion of the Probation Officer.**

DEFENDANT: Ramel Williams a/k/a Ski
CASE NUMBER: 08 CR 00707

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| **TOTALS** | $ 500.00    | $        | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |
| **TOTALS**        | $ 0.00          | $ 0.00                  |                            |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:       Ramel Williams a/k/a Ski  
CASE NUMBER:  08 CR 00707

Judgment — Page   7   of   7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X   Lump sum payment of $ __500.00__ due immediately, balance due

    ☐   not later than _____ , or  
    ☐   in accordance     ☐ C,     ☐ D,     ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with     ☐ C,     ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:  
    See attached Order of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                                :
UNITED STATES OF AMERICA
                                :
      -v.-                      ORDER OF FORFEITURE
                                :
RAMEL WILLIAMS,              S3 08 Cr. 707 (KMK)
    a/k/a "Ski,"             :

         Defendant.   :

- - - - - - - - - - - - - - - - -x

        WHEREAS, on October 1, 2009, RAMEL WILLIAMS, a/k/a "Ski" (the "defendant") was charged in six-count Indictment, S3 08 Cr. 707 (KMK) (the "Indictment"), with, among other things, conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846 (Count One), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C) (Counts Three and Four);

        WHEREAS, the Indictment included a forfeiture allegation providing notice that, as a result of the offenses alleged in Counts One, Three and Four of the Indictment, the defendant shall forfeit, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts One, Three, and Four of the Indictment;

        WHEREAS, on November 4, 2009, the defendant pled guilty to Counts One, Three, Four, Five and Six of the Indictment;

1

WHEREAS, on March 18, 2010, the defendant was sentenced and ordered to forfeit a sum of $427,324.80 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts One, Three and Four of the Indictment;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One, Three, and Four of the Indictment, to which the defendant pled guilty, a forfeiture judgment in the amount of $427,324.80 shall be entered against the defendant, as part of his criminal sentence, for which he is jointly and severally liable with his co-defendant.

2. Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is final as to the defendant and is deemed part of the sentence of the defendant and shall be included in the judgment of conviction therewith.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production

of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

4.  All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

5.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

6.  The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin, One St. Andrew's Plaza, New York, New York 10007.

Dated: White Plains, New York
~~March~~ 11 , 2010

SO ORDERED:

_____
HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

3